**BIGELOW–SANFORD, INC., a South Carolina Corporation, Plaintiff,**

v.

**WESTERN STATE BANK, an Indiana Corporation, and L & M Contract Interiors, Inc., an Indiana Corporation, Defendants.**

No. S83–233.

United States District Court,
N.D. Indiana,
South Bend Division.

July 19, 1983.

Joseph Stalmack, James W. Roehrdanz, Galvin, Stalmack & Kirschner, Hammond, Ind., for plaintiff.

Donald E. Esmont, South Bend, Ind., for Western State Bank.

## MEMORANDUM AND ORDER

SHARP, Chief Judge.

This case was filed by a South Carolina corporation against two Indiana corporations on a claim for damages resulting from the alleged conversion of proceeds from a negotiable instrument. The jurisdiction of this court is predicated on diversity of citizenship, 28 U.S.C. § 1332. The matter is presently before this court on defendant Western State Bank's motion to dismiss for want of subject matter jurisdiction.

■ This complaint was originally filed with this court on May 23, 1983. However, and apparently unbeknownst to the plaintiff, the defendant L & M Contract Interiors, Inc., was already in federal bankruptcy court on a Chapter 11 reorganization. That Chapter 11 reorganization was converted to a Chapter 7 liquidation on April 29, 1983 by order of the United States Bankruptcy Court for the Northern District of Indiana, South Bend Division. Defendant Western State Bank now seeks dismissal of this civil action for want of jurisdiction because of the "preemptive" nature of the separate bankruptcy proceedings.

In a published opinion, this court set out the interplay of the various subsections of 28 U.S.C. § 1471 in light of *Northern Pipeline Construction Co. v. Marathon Pipe Line,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). See *B–J's Liquors, Inc. v. American National Bank and Trust Co. of South Bend,* 29 B.R. 1011 (D.C.N.D.Ind. 1983). In that opinion this court held, contrary to defendant Western State Bank's assertions, that the federal district courts have original but not exclusive jurisdiction over "related" proceedings not strictly within the purview of traditional bankruptcy court jurisdiction. 28 U.S.C. § 1471(b). Therefore, dismissal of this action for want of jurisdiction would be wholly improper.

■ However, and notwithstanding the fact the fact that plaintiff's claim involves a jury demand, a critical concern with bankruptcy cases and "related proceedings" is their administration, i.e., which court, bankruptcy or district, should be responsible for the docketing and filing of pleadings, etc. Accordingly, and acting within the guidelines of Rule 28 of the Rules of the United States District Court for the Northern District of Indiana, it is the ORDER of this court that this action, now docketed with the Clerk of this Court as S83–233, be transferred to the United States Bankruptcy Court, Northern District of Indiana, South Bend Division, to be consolidated with and docketed under cause number 80–30366. SO ORDERED.